IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD BALDRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2293-JDT-dkv |
| | ) | |
| INDEPENDENT APARTMENTS, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| RONALD BALDRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2294-JDT-dkv |
| | ) | |
| TESCO PROPERTIES, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Ronald Baldridge, a resident of Memphis, Tennessee, filed two *pro se* complaints pursuant to 42 U.S.C. § 1983 on April 28, 2016, one against the owner of his apartment complex, Independent Apartments, *Baldridge v. Indep. Apartments*, No. 16-2293-JDT-dkv (W.D. Tenn.), and the other against the management company for the complex, Tesco Properties, *Baldridge v. Tesco Props.*, No. 16-2294-JDT-dkv (W.D. Tenn.). Each

complaint was accompanied by a motion to proceed *in forma pauperis*. On May 2, 2016, United States Magistrate Judge Diane K. Vescovo granted leave to proceed *in forma pauperis*. On July 6, 2016, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") in which she recommended dismissing both cases *sua sponte*. Plaintiff filed a timely objection to the R&R on July 20, 2016.

Plaintiff complains about a variety of problems at his apartment complex, including a severe investation of bedbugs. He alleges that his complaints to the Defendants about the conditions went unheeded. Plaintiff further alleges he had to be hospitalized for treatment after being bitten by bedbugs, had to throw away his infested furniture and clothes, and had to purchase products to try to kill the insects himself. Plaintiff was threatened with eviction after it was claimed, falsely, that he had not paid his rent, resulting in his having to pay double rent. He also was given a bad reference when he applied for a new apartment.

In the R&R, Magistrate Judge Vescovo determined that Plaintiff's complaints do not state a claim under 42 U.S.C. § 1983 because there are no allegations that the Defendants acted under color of state law or that their actions violated the U.S. Constitution or federal law. Specifically, the Magistrate Judge noted that merely receiving federal funding through the Section 8 Housing Program established by the U.S. Housing Act of 1937 ("USHA"), 42 U.S.C. § 1437f, *et seq.*, does not make the private-party Defendants state actors. In addition, the USHA does not create rights that individual tenants in Section 8 housing can enforce. *See, e.g.*, *Lewis v. Wheatley*, 528 F. App'x 466, 468 (6th Cir. 2013).

Plaintiff's objection does not specifically address the Magistrate Judge's findings. Instead, he simply reiterates his complaints about the poor conditions in the apartment complex.[1] However, nothing in the objection warrants rejecting Magistrate Judge Vescovo's conclusions. Accordingly, Plaintiff's objection is OVERRULED. The Court hereby ADOPTS the R&R and DISMISSES these cases for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks

---

[1] Plaintiff, who uses a wheelchair, asserts in his objection that the Fair Housing Act, 42 U.S.C. § 3604, protects him from discrimination. However, Plaintiff does not allege that the Defendants' failure to correct the problems at the apartment complex was because of his disability.

appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss these cases for failure to state a claim also compel the conclusion that any appeals would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeals in these matters by Plaintiff would not be taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal in either or both of these cases, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.[2]

The Clerk is directed to prepare judgments in these cases.

IT IS SO ORDERED.

      s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] These cases have not been officially consolidated. Therefore, if Plaintiff wishes to appeal both cases, he must file a notice of appeal in each case and pay separate appellate filing fees or submit separate *in forma pauperis* applications to the Court of Appeals.